UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID, | No. 2: 22-cv-0268 KJN P |
| Plaintiff, | |
| v. | ORDER & FINDINGS & RECOMMENDATIONS |
| SERGEANT SINGH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends that this action be dismissed.

On December 8, 2022, the undersigned granted plaintiff thirty days to inform the court whether he intended to continue prosecuting this action. (ECF No. 23.) The undersigned also ordered plaintiff to address the status of his paralysis. (Id.) Thirty days passed and plaintiff did not respond to the order filed December 8, 2022.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

1

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors support dismissal of this action. This action has been pending for one year. Plaintiff's failure to respond to the December 8, 2022 order indicates that he is no longer interested in prosecuting this action. Further time spent by the court on this action will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants, also favors dismissal. Requiring defendants to defend an action that plaintiff has apparently abandoned prejudices defendants.

The court finds no suitable alternative to dismissal of this action. Therefore, the fifth factor also favors dismissal.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 28, 2023 dispositive motion deadline is vacated;

2. Plaintiff's pending motion for appointment of counsel (ECF No. 22) is vacated;

3. The Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ken268.56