1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FORREST KENDRID,                          No.  2:22-cv-0268 DAD KJN P

12              Plaintiff,

13         v.                                    ORDER

14    SERGEANT SINGH, et al.,

15              Defendants.

16

17         Plaintiff is a civil detainee, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  For the reasons stated herein, the undersigned vacates the January 23, 2023

19   findings and recommendations recommending that this action be dismissed for plaintiff's failure

20   to prosecute, orders this action stayed for 90 days and denies plaintiff's motion for appointment

21   of counsel filed February 17, 2023.

22   Background

23         On October 14, 2022, plaintiff filed a motion for appointment of counsel.  (ECF No. 22.)

24   In this motion, plaintiff requested appointment of counsel because he was paralyzed from the

25   neck down.  (Id. at 1.)  The motion stated that it was prepared with assistance from the Senior

26   Librarian.  (Id.)  Attached to the motion was a medical record dated September 1, 2022.  (Id. at 2-

27   3.)  This record stated that plaintiff woke up early that morning with cramping in his neck and

28   realized that he was unable to move his extremities.  (Id. at 2.)  Another entry in plaintiff's

                                            1

1   medical records from September 1, 2022, stated that plaintiff was slowly able to move his right

2   pinkie.  (Id. at 3.)  The nurse told plaintiff that "hopefully it will continue to progress and get his

3   movement in his right side back.  (Id.)

4           On December 8, 2022, the undersigned issued an order stating that court records reflected

5   that plaintiff was housed at the California Medical Facility ("CMF") when he filed his motion for

6   appointment of counsel.  (ECF No. 23.)  Records from the California Department of Corrections

7   and Rehabilitation ("CDCR") reflected that plaintiff was no longer incarcerated by CDCR.  (Id.)

8   Plaintiff had not filed a notice of change of address reflecting his new address.  (Id.)

9   Acknowledging the difficulty plaintiff may have in responding to the order due to his paralysis,

10  the undersigned granted plaintiff thirty days to inform the court whether he intended to continue

11  prosecuting this action.[1]  (Id.)

12          Thirty days passed and plaintiff did not respond to the December 8, 2022 order.

13  Accordingly, on January 23, 2023, the undersigned vacated plaintiff's motion for appointment of

14  counsel filed October 14, 2022, and recommended that this action be dismissed for failure to

15  prosecute.  (ECF No. 25.)

16          In response to the January 23, 2023, findings and recommendations, plaintiff filed a

17  motion for appointment of counsel on February 17, 2023.  (ECF No. 27.)  Plaintiff's motion for

18  appointment of counsel appears to have been written by an inmate on plaintiff's behalf.

19  The motion states that plaintiff is requesting a court order directing the California Department of

20  Corrections and Rehabilitation ("CDCR") to not withhold plaintiff's legal mail if plaintiff goes

21  back to the mental health crisis bed unit.  (Id. at 1.)  The motion states that plaintiff is no longer in

22  a mental health crisis bed unit.  (Id. at 2.)  The motion states that plaintiff did not receive orders

23  from the court, apparently while in the mental health crisis bed unit.  (Id.)  The motion states that

24  plaintiff filed two "1983s" while in a mental health crisis bed "with help."  (Id.)  The motion

25  states that plaintiff is wheelchair bound and cannot move his left side but has movement in his

26

27  [1]  It appears that CDCR records did not reflect plaintiff's housing at CMF because plaintiff is a
    civil detainee rather than a convicted prisoner.  The undersigned was not aware of this apparent
28  distinction in CDCR records when he issued the December 8, 2022 order.

                                                    2

right side.  (Id.)  The motion states that plaintiff's right side is weak.  (Id.)  The motion states that

plaintiff can hold some things in his right hand, but he cannot write and seeks help from others.

(Id.)  The motion states that plaintiff cannot go to the law library.  (Id.)  The motion states that

plaintiff is in lock-up for cutting himself and biting his left arm.  (Id.)  Finally, the inmate who

wrote plaintiff's motion states that plaintiff needs a lawyer because plaintiff cannot show him (the

inmate) how to file for an attorney.  (Id.)

Discussion—Stay of Action

Because plaintiff intends to prosecute this action, as represented in the February 17, 2023

motion for appointment of counsel, the January 23, 2023 findings and recommendations are

vacated.[2]

For the reasons stated herein, the undersigned orders this action stayed for 90 days.[3]

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view

toward the efficient and expedient resolution of cases."  Dietz v. Bouldin, 579 U.S. 40, 47 (2016)

(collecting cases).  This includes "discretionary power to stay proceedings in its own court."

Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (citing Landis v. N. Am. Co., 299

U.S. 248, 254 (1936)).  When considering whether to stay an action, the court must weigh the

---

[2]  Plaintiff's motion for appointment of counsel filed February 17, 2023, is not signed by plaintiff himself, as required by Federal Rule of Civil Procedure 11.  However, due to plaintiff's physical disabilities, as documented in his medical records filed in support of the motion for appointment of counsel filed on October 14, 2022, the undersigned considers the representations made regarding plaintiff's physical status described in the motion for appointment of counsel filed February 17, 2023.

[3]  "Where the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter."  Mitchell v. Valenzuela, 791 F.3d 1166, 1170 (9th Cir. 2015) (internal quotation marks and citations omitted, alterations normalized).  "By contrast, a motion to stay is nondispositive where it does not dispose of any claims or defenses and does not effectively deny any ultimate relief sought."  Id. (internal quotation marks and citation omitted, alterations normalized); see also SEC v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013) (a "motion to stay litigation that is not dispositive of either the case or any claim or defense in it may properly be determined by a magistrate judge." (internal quotation marks and citation omitted)).  The temporary stay in this case will not dispose of any claims or defenses and will not effectively deny any ultimate relief sought by plaintiff.  Therefore, the undersigned may address the stay by order, rather than by referral to the district judge.

1   competing interests impacted, including "the possible damage which may result from the granting

2   of a stay, the hardship or inequity which a party may suffer in being required to go forward, and

3   the orderly course of justice measured in terms of the simplifying or complicating of issues,

4   proof, and questions of law which could be expected to result from a stay." Id. at 1110 (quoting

5   CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

6       The undersigned orders this action stayed for 90 days because plaintiff is physically

7   unable to prosecute this action at this time.  A stay for 90 days will not cause significant prejudice

8   to either party.  The record discussed above suggests that plaintiff's physical condition has

9   improved somewhat following the paralysis plaintiff first experienced on September 1, 2022.

10  Therefore, following 90 days, the undersigned will lift the stay and order plaintiff to file a status

11  report addressing his ability to prosecute this action.

12  Plaintiff's Motion for Appointment of Counsel (ECF No. 27)

13      Plaintiff's motion for appointment of counsel, filed February 17, 2023, is not signed by

14  plaintiff himself, as required by Federal Rule of Civil Procedure 11.   However, had plaintiff

15  signed the motion for appointment of counsel, the undersigned finds that appointment of counsel

16  is not warranted at this time.

17      This action proceeds on plaintiff's original complaint filed February 10, 2022, against

18  defendants California Health Care Facility ("CHCF") Sergeant Singh, CHCF Officer Sharma, and

19  CHCF Nurse Oguntuase as to the following claims:  1) defendant Oguntuase denied plaintiff

20  adequate medical care on or around November 4, 2021; 2) defendant Singh sexually assaulted

21  plaintiff on or around November 4, 2021; 3) defendants Sharma and Singh assaulted plaintiff on

22  or around November 4, 2021; and 5) defendant Sharma failed to intervene when defendant Singh

23  sexually assaulted plaintiff.

24      District courts lack authority to require counsel to represent indigent prisoners in section

25  1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

26  circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

27  U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

28  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

4

circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff's motion for appointment of counsel is denied because the undersigned cannot determine plaintiff's likelihood of success on the merits of his claims.  No dispositive motions have been filed.[4]  The record contains no pleadings, other than plaintiff's complaint, from which the undersigned may evaluate the merits of plaintiff's claims.  While the undersigned acknowledges plaintiff's physical disabilities which have impacted his ability to prosecute this action, the undersigned must also consider plaintiff's likelihood of success on the merits of his claims in considering whether appointment of counsel is warranted.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.[5]

Finally, the undersigned considers plaintiff's request in his February 17, 2023 motion for appointment of counsel for an order directing CDCR to not withhold plaintiff's mail if plaintiff goes back to the mental health crisis bed unit.  Because plaintiff is not in a mental health crisis bed unit at this time, the undersigned declines to consider plaintiff's request.  However, if plaintiff returns to a mental health crisis bed unit and is denied access to his legal mail, the undersigned will consider plaintiff's request for access to his legal mail regarding the instant action.

////

---

[4]  On January 23, 2023, the undersigned vacated the dispositive motion deadline.  (ECF No. 25.)

[5]  Plaintiff may voluntarily dismiss this action and refile it when he is physically able to prosecute a civil rights action.

Accordingly, IT IS HEREBY ORDERED :

1.   The January 23, 2023 findings and recommendations (ECF No. 25) are vacated;

2.   Plaintiff's motion for the appointment of counsel (ECF No. 27) is denied without prejudice;

3.   This action is stayed for 90 days; after 90 days, the undersigned will lift the stay and order plaintiff to file a status report addressing his ability to prosecute this action.

Dated:  February 27, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kend0268.31

6